UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MELISSA FARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-18-TAV-HBG |
| | ) | |
| STANLEY JASON DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge [Docs. 18, 23].

Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 17], in which she moves the Court to enter a default judgment against Defendant Stanley Jason Daniels pursuant to Fed. R. Civ. P. 55(b) and to conduct a hearing to determine the appropriate amount damages to be awarded against Mr. Daniels. Also before the Court is Plaintiff's Motion for Costs and Application for an Award of Attorney Fees. The Court has conducted a hearing on damages and has considered the Plaintiff's request for attorney fees and costs, and the Court finds that this matter is now ripe for adjudication.

For the reasons stated herein, the undersigned will **RECOMMEND** that a default judgment in the amount of **$125,000.00** be entered in Plaintiff's favor. The undersigned will further **RECOMMEND** that the Plaintiff be awarded $8,960.00, representing the attorney fees and costs incurred in litigating this case.

## I. PROCEDURAL POSTURE

On October 16, 2014, the undersigned entered an Order [Doc. 19], granting the Plaintiff's request for a hearing on damages. The Order stated that the hearing on damages would take place on November 17, 2014, and a copy of the Order was mailed to Mr. Daniels at his last-known address.

On November 17, 2014, the Court conducted a hearing on damages. Attorney Robert Kurtz was present representing the Plaintiff Melissa Farley, who was also present. Neither Mr. Daniels nor counsel on his behalf appeared at the hearing. The Court heard testimony from the Ms. Farley regarding a sexual assault perpetrated against her by Mr. Daniels and the pain and suffering she has endured as a result of the assault. Her testimony was consistent with the allegations contained in the Complaint. The Court also received a single exhibit at the hearing: a Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty, identifying sexual conduct with an inmate as the offense charged, signed by Mr. Daniels on November 5, 2012.

Following the hearing, Ms. Farley filed her Motion for Costs and Application for an Award of Attorney Fees. Mr. Daniels did not file a response to this motion, and his time for doing so has expired, see E.D. Tenn. L.R. 7.1. The Court may treat the failure to file a timely response as acquiescence to the relief sought.

## II. FINDINGS

The Court has considered the testimony presented at the evidentiary hearing and the evidence presented to the Court, and the Court **FINDS** as follows:

1. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1331 and §1443.
2. Venue is appropriate pursuant to 28 U.S.C. §1391.

3. On January 13, 2012, Mr. Daniels was an employee of the Claiborne County Sheriff's Department and was working as a corrections officer.

4. On January 13, 2012, Ms. Farley was an inmate at the Claiborne County Jail.

5. On January 13, 2012, Mr. Daniels transported Ms. Farley from the Claiborne County Jail in Tazewell, Tennessee, to Lakeshore Hospital in Knoxville, Tennessee.

6. During the course of this trip and while he was driving, Mr. Daniels began touching Ms. Farley in a sexual manner over the top of her clothes.

7. During the course of the trip, Ms. Farley was coerced into performing oral sex on Mr. Daniels as he was driving.

8. Ms. Farley began crying and attempted to stop the sexual encounter, but Mr. Daniels forced Ms. Farley to continue performing oral sex upon him.

9. Through his actions, Mr. Daniels violated clearly-established rights guaranteed to Ms. Farley by the Eighth Amendment and Fourteenth Amendment to the United States Constitution. Mr. Daniels's actions were taken while he was acting under color of law. As a direct and proximate result of Mr. Daniels's unconstitutional actions, Ms. Farley has sustained personal injury, severe physical pain and suffering, mental anguish, and loss of enjoyment of life.

10. The actions of Mr. Daniels were unwelcome and unwanted, and Mr. Daniels's actions constitute the tort of assault and battery against Ms. Farley. As a result of this tortious behavior, Ms. Farley has sustained personal injury, severe physical pain and suffering, mental anguish, and loss of enjoyment of life.

11. Mr. Daniels's conduct of restraining Ms. Farley against her will and forcing her to perform oral sex upon him constitutes false imprisonment. As a result of this tortious

behavior, Ms. Farley has sustained personal injury, severe physical pain and suffering, mental anguish, and loss of enjoyment of life.

12. The actions of Mr. Daniels toward Ms. Farley were outrageous and utterly intolerable in a civilized society and were done with the specific intent to cause emotional distress to Ms. Farley. The actions constituted the tort of intentional infliction of emotional distress. As the actual and proximate result of the extreme and outrageous conduct of Mr. Daniels, Ms. Farley has experienced severe emotional distress, humiliation, and embarrassment, and she has suffered from serious mental injury.

13. Based upon the foregoing, the undersigned finds that judgment should be entered in Ms. Farley's favor on both her tort claims and her claim under 28 U.S.C. § 1983 for her constitutional violation. The Court finds that an award of $100,000.00 in compensatory damages is supported by the testimony and other evidence before the Court.

14. Further, the Court finds that Mr. Daniels's tortious behavior was intentional and egregious, given his position of power, and therefore, the Court finds that an award of $25,000.00 in punitive damages is appropriate.

With regard to Ms. Farley's request that she be awarded the attorney fees and costs she incurred in this case, the Court finds:

1. An award of attorney fees and costs is appropriate under 42 U.S.C. § 1988, because Ms. Farley is a prevailing party pursuant to 42 U.S.C. § 1988.

2. The $8,490.00 in attorney fees incurred by Ms. Farley in this case, which represent 28.3 hours expended at a rate of $300.00 per hour, is reasonable under the circumstances, and Ms. Farley should be awarded these fees.

3. The $470.00 in costs incurred by Ms. Farley in this case is reasonable under the circumstances, and Ms. Farley should be awarded these costs.

**III. CONCLUSION**

Based upon the foregoing – including Mr. Daniels's default, his failure to appear at the hearing before the undersigned, and his failure to file a timely response to Ms. Farley's request for an award of fees and costs – the undersigned **RECOMMENDS**:[1]

1. A default judgment be entered in Ms. Farley's favor on both her tort claims and her claim under 28 U.S.C. § 1983 for her constitutional violation.

2. A default judgment in the amount of **$125,000.00** be entered in favor of Plaintiff Melissa Farley and against Defendant Stanley Jason Daniels, representing damages incurred by Ms. Farley as a result of Mr. Daniels's actions on January 13, 2012.

3. In addition, Ms. Farley's Motion for Attorney Fees and Costs **[Doc. 21]** be **GRANTED**, and Ms. Farley be awarded **$8,960.00**, representing the attorney fees and costs reasonably incurred in litigating this case.

Respectfully Submitted,

Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).