UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MELISSA FARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-18-TAV-HBG |
| | ) | |
| STANLEY JASON DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This civil matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton on December 22, 2014 [Doc. 25]. In the R&R, Magistrate Judge Guyton recommends that the Court enter a default judgment in plaintiff Melissa Farley's favor on both of her tort claims and her claim under 28 U.S.C. § 1983, and that the default judgment be in the amount of $125,000.00, representing damages incurred by plaintiff as a result of defendant's actions on January 13, 2012. Magistrate Judge Guyton further recommends that the Court grant plaintiff's Motion for Costs and Application for an Award of Attorney Fees [Doc. 21], and award her $8,960.00, representing the attorneys' fees and costs she reasonably incurred in litigating this case. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff filed this case on January 1, 2013, against defendant in his individual and official capacities, and against Claiborne County, Tennessee, defendant's employer on the date that he committed the acts that form the basis of plaintiff's claims [Doc. 1]. Both Claiborne County and defendant in his official capacity appeared through the same counsel, but defendant never appeared in his individual capacity [Doc. 5; Doc. 6]. The Court dismissed plaintiff's claims against defendant in his official capacity on December 27, 2013 [Doc. 13], and the parties stipulated to the dismissal of Claiborne County as a defendant on February 20, 2014 [Doc. 14].

The Clerk of Court entered default against defendant in his individual capacity on June 10, 2014 [Doc. 16], and plaintiff filed her Motion for Default Judgment [Doc. 17] on the next day. The Court set a hearing on plaintiff's motion for November 17, 2014, and directed the Clerk of Court to mail a copy of the order setting the hearing to defendant at his last known address [Doc. 19]. Defendant failed to respond to plaintiff's motion or appear at the hearing, where Magistrate Judge Guyton took evidence on plaintiff's claims [Doc. 20]. Plaintiff filed her Motion for Costs and Application for an Award of Attorney Fees [Doc. 21] shortly thereafter, and the R&R followed.

Plaintiff's Motion for Default Judgment [Doc. 17] is properly before the Court pursuant to Rule 55 of the Federal Rules of Civil Procedure. Defendant has failed to plead or otherwise defend against plaintiff's claims, despite his apparent knowledge of this case as evidenced by his appearance in his official capacity. After a careful review

2

of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling.

Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 25]. The Court **GRANTS** plaintiff's Motion for Default Judgment [Doc. 17] and **ORDERS** that a default judgment against Stanley Jason Daniels in the amount of **$125,000.00** be entered in this case. Additionally, the Court **GRANTS** plaintiff's Motion for Costs and Application for an Award of Attorney Fees [Doc. 21] and **ORDERS** that plaintiff be **AWARDED** attorneys' fees and costs in the amount of **$8,960.00**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Mr. Daniels at his last known address and **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

s/ Debra C. Poplin
CLERK OF COURT

3

Case 3:13-cv-00018-TAV-HBG   Document 26   Filed 01/12/15   Page 3 of 3   PageID #: 94